PEOPLE v. VINUNZO.

1. HOMICIDE — FIRST-DEGREE MURDER — STATUTES — EJUSDEM GEN-ERIS—MALICE—EVIDENCE.

In a prosecution for murder, the contention of counsel for defendant that because in the statute defining murder in the first degree (3 Comp. Laws 1915, § 15192) the words "or any other kind of willful, deliberate and premeditated killing," follow the language "all murder which shall be perpetrated by means of poison or lying in wait," the doctrine of *ejusdem generis* should be applied, and in all acts of murder not of the general kind or class mentioned malice cannot be inferred, but evidence of express malice is necessary to sustain a conviction of murder in the first degree, cannot be sustained.

2. SAME—EVIDENCE—SUFFICIENCY.

Evidence that defendant, without any previous altercation with deceased, at close range fired a revolver shot into

the back of deceased's head and three or four into his body, and then immediately ran away from the scene of the shooting, *held*, to justify a verdict of murder in the first degree.

Error to Wayne; Webster (Arthur), J. Submitted November 6, 1920. (Docket No. 107.) Decided December 21, 1920.

Barbro Vinunzo was convicted of murder in the first degree, and sentenced to life imprisonment in the State prison at Jackson. Affirmed.

*Roscoe Griffith* and *Maurice E. Fitzgerald* (*Hollis Harshman,* of counsel), for appellant.

*Alex. J. Groesbeck,* Attorney General, *Matthew H. Bishop,* Prosecuting Attorney, *Allen W. Kent* and *Collins B. Scott,* Assistants Prosecuting Attorney, for the people.

BROOKE, J. Defendant is now undergoing a life sentence in solitary confinement, at hard labor, as punishment for the commission of the crime of murder in the first degree. The evidence introduced on behalf of the people tended to show that about the hour of half-past seven p. m., on March 27, 1918, defendant, in company with one James H. Blair, was walking west of Hamilton boulevard on Banner avenue in the village of Highland Park; that when they had arrived at the alley first west of Hamilton defendant reached around behind Blair and fired a revolver shot into the back of his head; that Blair fell to the ground, whereupon defendant shot three or four other bullets into Blair's body and immediately ran up the alley. He was pursued and in a very short time was overtaken and placed under arrest.

He took the stand and testified in his own behalf.

He admitted being within four or five paces of Blair at the time of the shooting, but claimed that the shots were fired by another man. He further admitted that he ran up the alley immediately after the shooting, but claimed that he did so being impelled by fear.

The one assignment of error discussed in the brief of counsel for defendant deals with the contention of counsel that express malice, under the statutes of Michigan, is an essential element of the crime of murder in the first degree, and that there is no evidence in this case of express malice within the meaning of the statute. The statute (3 Comp. Laws 1915, § 15192) is as follows:

> "All murder which shall be perpetrated by means of poison, or lying in wait, or any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate any arson, rape, robbery or burglary, shall be deemed murder of the first degree, and shall be punished by solitary confinement at hard labor in the State prison for life."

It is argued by counsel for defendant that because the words "or any other kind of willful, deliberate and premeditated killing" follow the language "all murder which shall be perpetrated by means of poison or lying in wait," the doctrine of *ejusdem generis* should be applied and the words "or any other kind of willful, deliberate and premeditated killing" should be construed as applicable to acts only of the same general nature or class as those enumerated, *i. e.*, killing by means of poison or lying in wait. Counsel say:

> "The statute makes the crime more explicit by requiring that the murder shall be perpetrated by willful, deliberate *and* premeditated killing. It seems to counsel that the character of willfulness, deliberation and premeditation meant is that of the character evidenced

by killing by poison, lying in wait or in the perpetration of some of the crimes mentioned."

We are of the opinion that this question is definitely settled by our own decisions contrary to defendant's contention.  The doctrine was announced in this State in the early case of *People* v. *Potter*, 5 Mich. 1 (71 Am. Dec. 763), and is correctly summarized in the brief of counsel for the people as follows:

"The use of a lethal weapon is not in itself sufficient evidence to warrant a verdict of murder in the first degree but in addition to this there must be evidence in the case, as to circumstances surrounding the killing or the manner in which the weapon is used, from which a logical inference may be drawn that there was willfulness, deliberation and premeditation."

In the case of *People* v. *Wolf*, 95 Mich. 625, it is said:

"The learned counsel for respondent contends that there was no evidence to sustain the verdict because there was no proof of previous deliberation or premeditation.  This would result in holding that deliberation and premeditation cannot be inferred from the character of the weapon used, the wounds inflicted upon vital parts, the circumstances surrounding the killing, the acts, conduct and language of the accused before and after the killing and the improbability of the story told by him."

See, also, *People* v. *Jackzo*, 206 Mich. 183, where the doctrine announced in these two cases is affirmed.

Evidence introduced on the part of the people indicated that powder marks and burns were found on the cheek of Blair, the deceased, indicating that the weapon had been fired at very close range.  Defendant's evidence was to the effect that the man who did the killing stood at a distance of some 15 or 20 feet from Blair at the time of the shooting.  This fact, together with the defendant's evidence as to his flight and the reasons therefor indicate the improbability

of the story told by him. Aside from this, the evidence of the people's witnesses shows that the killing was willful, deliberate, and premeditated. There was no sudden affray nor was the homicide preceded by any altercation, according to the evidence of eyewitnesses.

We are of the opinion that the verdict and judgment are fully justified by the evidence. The judgment is affirmed.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.